**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| KENNETH HOLMES, | DOCKET NUMBER |
| Appellant, | SF-0752-22-0425-C-2 |
| v. | |
| DEPARTMENT OF | DATE:  February 20, 2025 |
| TRANSPORTATION, | |
| Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

Sara L. Bloom, Esquire, Anchorage, Alaska, for the appellant.

Maria Teresa Davenport, Esquire, Anchorage, Alaska, for the agency.

Daniel James Silva, Miramar, Florida, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Henry J. Kerner, Vice Chairman
Raymond A. Limon, Member

**ORDER**

The agency has filed a petition for review of the compliance initial decision, which granted the appellant's petition for enforcement and found the agency in noncompliance with the Board's final order reversing the appellant's

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

removal. For the reasons set forth below, we DENY the agency's petition for review and AFFIRM the compliance initial decision's finding that the agency is in noncompliance with the back pay portion of the Board's final order.

## BACKGROUND

The agency issued a decision removing the appellant from his position as a FV-0802-H Engineering Technician (802 ET) based on the charge of inability to perform the essential functions of his position because of a medical condition. *Holmes v. Department of Transportation*, MSPB Docket No. SF-0752-22-0425-I-1, Initial Appeal File (IAF), Tab 6 at 14-18. The appellant retired in lieu of removal on December 22, 2020. IAF, Tab 9 at 128-29.

On appeal, the appellant challenged the merits of the charge and raised allegations of disparate treatment disability discrimination, retaliation for making a reasonable accommodation request, and discrimination based on a denial of a reasonable accommodation. IAF, Tabs 1, 14, 43. The administrative judge properly found that the Board had jurisdiction over the removal action. IAF, Tab 11. He then issued an initial decision reversing the appellant's removal and ordering the agency to restore the appellant effective December 22, 2020. IAF, Tab 60, Initial Decision (ID) at 47. Specifically, the administrative judge found that the agency did not prove its charge, ID at 15-40, that the appellant proved his affirmative defense of disability discrimination based on a denial of a reasonable accommodation, ID at 40-41, and that the appellant did not establish his claim of disparate treatment disability discrimination nor his claim of retaliation for making a reasonable accommodation request, ID at 42-47. Following the agency's petition for review, the Board issued a January 22, 2024 Final Order affirming the initial decision and again ordering the agency to reverse the appellant's removal and restore him effective December 22, 2020. *Holmes v. Department of Transportation*, MSPB Docket No. SF-0752-22-0425-I-1, Final Order (Jan. 22, 2024); *Holmes v. Department of Transportation*, MSPB Docket

No. SF-0752-22-0425-I-1, Petition for Review File, Tab 6, Final Order at 21. As relevant here, the Final Order also ordered the agency to pay the appellant the correct amount of back pay, interest on back pay, and other required benefits. *Id.*

On March 25, 2024, the appellant filed a petition for enforcement regarding the back pay component of the Board's January 22, 2024 Final Order. *Holmes v. Department of Transportation*, MSPB Docket No. SF-0752-22-0425-C-2, Compliance File (CF), Tab 1.[2] He claimed that the agency had yet to pay him any back pay or provide any accounting of its back pay and benefits calculation despite his cooperation in providing the necessary information. *Id.*

On May 30, 2024, the administrative judge issued a compliance initial decision finding the agency in noncompliance with the Board's Final Order as to the back pay requirement. CF, Tab 17, Compliance Initial Decision (CID) at 1, 13. The administrative judge agreed that, as of that date, the agency had not yet paid the appellant any back pay or provided any accounting. CID at 7. The administrative judge also considered the agency's assertion that it would pay the appellant back pay for the period between December 22, 2020, and October 31, 2021—the date that the appellant had at one time indicated he intended to retire— but that it did not believe the appellant was entitled to back pay up to the date of his reinstatement because of its conclusion that he was not "ready, willing, and able to work" during that period. CID at 7-11; CF, Tab 5 at 12-13. The administrative judge first rejected the agency's claim that the appellant was only due back pay up to a date he had once indicated he planned to retire, noting that Federal employees often change their retirement plans up to the date of retirement

---

[2] This petition for enforcement is one of four addendum proceedings in this appeal: *Holmes v. Department of Transportation*, MSPB Docket No. SF-0752-22-0425-A-1, concerns the appellant's request for attorney's fees; *Holmes v. Department of Transportation*, MSPB Docket No. SF-0752-22-0425-P-1, concerns the appellant's request for compensatory damages; and *Holmes v. Department of Transportation*, MSPB Docket No. SF-0752-22-0425-C-1, is a petition for enforcement concerning the reinstatement component of the Final Order.

and that there is no way to know what would have happened had the agency not removed the appellant. CID at 11.

The administrative judge then rejected the agency's argument that the appellant was not entitled to back pay up to his reinstatement because he was not "ready, willing, and able to work" during that period. CID at 11-13. Specifically, the administrative judge addressed the agency's claim that the appellant's new supervisor, R.N., had determined based on medical documentation from the removal appeal that the appellant could not perform enough installation and construction duties with or without accommodations to advance the agency's mission and that, although it would be reinstating him as an 802 ET, it would not be assigning him installation and construction duties and would instead be assigning him full-time to warehouse duties at the "Complex."[3] CID at 7-8; CF, Tab 5 at 6-11, Tab 14 at 7-15. The administrative judge explained that the agency had thus concluded that because the appellant "is not, and was not at the time of separation, medically capable of performing the essential installation and construction functions of the 802 ET position," he was not ready, willing, and able to work during the entirety of the period from December 22, 2020, up to his reinstatement and was therefore not entitled to backpay. CF, Tab 5 at 9; CID at 7-8. But the administrative judge determined that the agency's claims represented "baseline disagreement" with the Board's January 2024 Final Order finding that the appellant could perform the essential

---

[3] In the Board's January 22, 2024 Final Order, we determined that the essential functions of the 802 ET position include some Contracting Officer Representative (COR) duties, which is project coordinator work that involves monitoring Federal contractors performing installation and construction at various worksites; some work at the "Complex," a warehouse facility that Engineering Services uses to store items and build out projects; and some installation and construction work. Final Order at 7-11. We agreed with the administrative judge that the appellant showed he could perform work in the Complex, COR work, and some installation and construction work, both with and without accommodations. *Id.* at 7-15. We also recognized, as did the administrative judge, that the 802 ET position currently involves mostly installation and construction duties, and that COR duties and work at the Complex are now performed by employees in a different job series. *Id.*

functions of the 802 ET position with a reasonable accommodation and that it inappropriately sought to revisit the merits of the removal appeal. CID at 12. The administrative judge therefore concluded that the appellant is entitled to back pay from the date of his separation through the date of reinstatement and that the agency had not paid him such back pay, and he thus granted the appellant's petition for enforcement. CID at 11-13.

The agency has filed a petition for review of the compliance initial decision. Compliance Petition for Review (CPFR) File, Tab 1. The agency filed the same petition for review in all four addendum proceedings related to the initial removal appeal, and the arguments in its petition for review almost exclusively concern issues presented in the compliance appeal related to the appellant's reinstatement. *Id.*; *see also Holmes v. Department of Transportation*, MSPB Docket No. SF-0752-22-0425-C-1. However, with respect to the instant matter, the agency briefly claims that the administrative judge erroneously required it to have "adduced new medical documentation post-hearing" for a finding that the appellant was not ready, available, and willing to work, which rendered "superfluous" the requirement that the appellant be "willing" to work. CPFR File, Tab 1 at 24. The agency also claims that because the appellant "rejected" the agency's efforts to reassign him to the Complex before his removal, he was not willing to accept duties that were "indisputably" available and is therefore not entitled to full back pay. *Id.* The agency also includes a declaration from its human resources director stating that the agency has now processed appropriate back pay for the undisputed period (December 20, 2020, until October 31, 2021) and provides supporting documentation to that effect. *Id.* at 26-112. The appellant filed a response. CPFR File, Tab 3. The agency filed a reply, again mostly discussing issues related to the appellant's reinstatement. CPFR File, Tab 4.

**ANALYSIS**

When the Board corrects a wrongful personnel action, it is required to ensure that the employee is returned, as nearly as possible, to the status quo ante. *Kerr v. National Endowment for the Arts*, 726 F.2d 730, 733 (Fed. Cir. 1984). Consistent with Office of Personnel Management regulations and the Board's case law, however, an employee is not entitled to back pay for any period of time during which he was not "ready, willing, and able" to perform his duties because of an incapacitating illness or injury, or for reasons unrelated to or not caused by the unjustified or unwarranted personnel action. *King v. Department of the Navy*, 100 M.S.P.R. 116, ¶ 12 (2005), *aff'd per curiam*, 167 F. App'x 191 (Fed. Cir. 2006); 5 C.F.R. § 550.805(c). The agency bears the initial burden of proving that it has provided an appellant the appropriate amount of back pay. *King*, 100 M.S.P.R. 116, ¶ 13. When the agency produces "concrete and positive evidence, as opposed to a mere theoretical argument," that the appellant was not ready, willing, and able to work during all or part of the period during which back pay is claimed, the burden of proof shifts to the appellant to show his entitlement to back pay. *Id.* (quoting *Piccone v. United States*, 407 F.2d 866, 876 (Cl. Ct. 1969)).

<u>We agree with the administrative judge that the agency is not in compliance with the Board's order regarding back pay.</u>

We see no error in the administrative judge's conclusion that the appellant is entitled to back pay from the date of his separation through the date of his reinstatement and that the agency's arguments to the contrary constitute inappropriate attempts to reargue the merits of the underlying removal appeal. CID at 12 (citing *Henry v. Department of Veterans Affairs*, 108 M.S.P.R. 458, ¶ 24 (2008) (explaining that enforcement proceedings are not to be used to revisit the merits of an underlying appeal)); *see also Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative

judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility).

The agency's brief claims on review are without merit. The administrative judge did not require that the agency produce new medical documentation post-hearing in order to find the appellant "willing" to work during the back pay period up to his reinstatement. CPFR File, Tab 1 at 24. Instead, the administrative judge properly explained that the agency had determined that the appellant cannot work as an 802 ET based on the same medical evidence it possessed at the time of the removal to highlight the fact that the agency's arguments directly contradict the Board's Final Order, which determined that the appellant *can* perform the essential functions of the 802 ET position with accommodation. CID at 11-12. The administrative judge simply emphasized that there has been no new, intervening medical information that changed the appellant's ability to perform the 802 ET position. CID at 11-13.

We are also unpersuaded by the agency's claim that the administrative judge should not have found the appellant "ready, willing, and able" to perform his duties because the appellant "rejected" the agency's efforts to reassign him to the Complex before his removal. CPFR File, Tab 1 at 24. The agency raised this argument below, and the mere reargument of issues already raised and properly resolved by the administrative judge below does not establish a basis for review. *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987); CF, Tab 5 at 11. In any event, the agency's argument again ignores that the Board's Final Order found that the appellant can perform the essential functions of the 802 ET position with accommodation and ordered the agency to reinstate him to that position. Final Order at 21. The agency has not provided "concrete and positive evidence" that the appellant was not ready, willing, and able to work during the period during which back pay is claimed. *King*, 100 M.S.P.R. 116, ¶ 13.

Finally, the new evidence that the agency submits with its petition for review does not establish that it is in compliance with the Board's Final Order. The agency claims that it has now paid the appellant the appropriate amount of back pay and benefits for December 22, 2020, through October 31, 2021. CPFR File, Tab 1 at 26-112.[4] However, as discussed above, we agree with the administrative judge that the appellant is entitled to back pay from December 22, 2020, through the date of his reinstatement. Therefore, the agency is still in noncompliance with the back pay portion of the Board's Final Order.

## ORDER

We ORDER the agency to submit to the Clerk of the Board within **60 days** of the date of this Order satisfactory evidence of compliance as described herein. This evidence shall adhere to the requirements set forth in 5 C.F.R. § 1201.183(a)(6)(i), including submission of evidence and a narrative statement of compliance. The agency must serve all parties with copies of its submissions.

The agency's submission should be filed under the new docket number assigned to the compliance referral matter, **SF-0752-22-0425-X-2**. All subsequent filings should refer to the compliance referral docket number set forth above and should be faxed to (202) 653-7130 or mailed to the following address:

Clerk of the Board
U.S. Merit Systems Protection Board
1615 M Street, N.W.
Washington, D.C. 20419

Submissions may also be made by electronic filing at the MSPB's e-Appeal site (https://e-appeal.mspb.gov) in accordance with the Board's regulation at 5 C.F.R. § 1201.14.

---

[4] In his response to the agency's petition for review, the appellant questions the accounting that the agency provides. CPFR File, Tab 3 at 7 n.3. However, its unnecessary to address the appellant's concerns because we have found that the agency is still in noncompliance with the Board's Final Order.

The appellant may respond to the agency's evidence of compliance within 20 days of the date of service of the agency's submission. 5 C.F.R. § 1201.183(a)(8). If the appellant does not respond to the agency's evidence of compliance, the Board may assume that he is satisfied with the agency's actions and dismiss the petition for enforcement.

The agency is reminded that, if it fails to provide adequate evidence of compliance, the responsible agency official and the agency's representative may be required to appear before the General Counsel of the Merit Systems Protection Board to show cause why the Board should not impose sanctions for the agency's noncompliance in this case. 5 C.F.R. § 1201.183(c). The Board's authority to impose sanctions includes the authority to order that the responsible agency official "shall not be entitled to receive payment for service as an employee during any period that the order has not been complied with." 5 U.S.C. § 1204(e)(2)(A).

This Order does not constitute a final order and is therefore not subject to judicial review under 5 U.S.C. § 7703(a)(1). Upon the Board's final resolution of the remaining issues in this petition for enforcement, a final order shall be issued which shall be subject to judicial review.

FOR THE BOARD: _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.